UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------------X
                                                 :

ESLAM HASSAN,                                                    :
                                                                :
                                    Plaintiff,                  :
                                                                :          19 Civ. 4111 (JPC) (OTW)
                         -v-                                    :
                                                                :                  ORDER
JOHNSON DOE *et al.*,                                           :
                                                                :
                                    Defendants.                 :
                                                                :
--------------------------------------------------------------------X

JOHN P. CRONAN, United States District Judge:

      Plaintiff Eslam Hassan, proceeding *pro se*, brings this action pursuant to 42 U.S.C. § 1983,

alleging deliberate indifference to his serious mental illness and excessive force at the Anna M.

Kross Center on Rikers Island.[1]  Dkt. 26.  On March 19, 2021, Defendants filed a motion to dismiss

for failure to prosecute pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.  Dkts. 46-

48.  On May 6, 2021, the Honorable Ona T. Wang, United States Magistrate Judge, ordered

Plaintiff to "show cause in writing by June 30, 2021 why [she] should not recommend that the

action be dismissed for failure to prosecute under Rule 41(b) and/or Rule 37(b)(2)(C)."  Dkt. 51 at

2 (emphasis removed).  In her May 6, 2021 Order, Judge Wang also directed Plaintiff "to respond

to the City's interrogatories by June 30, 2021."  *Id.* (emphasis removed).  After Plaintiff failed to

show cause and failed to respond to Defendants' interrogatories by the June 30, 2021 deadline,

Defendants submitted a letter on January 11, 2022 requesting that "the Court enforce its May 5,

---

      [1] Plaintiff filed his original Complaint on May 7, 2019.  Plaintiff filed an Amended
Complaint on October 17, 2019, Dkt. 26, which remains the operative complaint in this action.

2021 Order to Show Cause and dismiss this matter for failure to prosecute and/or failure to comply with a court order."  Dkt. 56.

On January 13, 2022, Judge Wang issued a Report and Recommendation, recommending that Defendants' motion to dismiss for failure to prosecute be granted.  Dkt. 57 ("R&R").  Judge Wang also directed that the Clerk of Court serve a copy of the Report and Recommendation on Plaintiff at the address on the docket, V.C.B.C., 1 Halleck Street, Bronx, NY 10474, and "to Plaintiff c/o Blake Avenue Shelter, 1000 Blake Avenue, Brooklyn, NY 11208, a previous address." *Id.* at 2.  The docket reflects that the Report and Recommendation was mailed to Plaintiff at those two addresses the next day.  On January 28, 2022, the Report and Recommendation mailed to Plaintiff at the Blake Avenue Shelter address was returned, indicating "[n]o [s]uch [n]umber [u]nable [t]o [f]orward."  On January 31, 2022, the undersigned directed the Clerk of Court to mail a copy of the Report and Recommendation to Plaintiff at 712 Crown Street, Apt. F19, Brooklyn, NY 11213, another previous address provided by Plaintiff.  Dkt. 58.  The docket reflects that the Report and Recommendation was mailed to Plaintiff at the Crown Street address that same day.  Also on January 31, 2022, the undersigned issued an Order directing Defendants to "advise the Court whether they have been in contact with Plaintiff and/or whether they have an alternative address for Plaintiff to which the Court may send a copy of the Report and Recommendation." Dkt. 59.  On February 4, 2022, Defendants advised the Court that their "last contact with plaintiff was on September 30, 2021, when plaintiff contacted a member of the Law Department's support staff by telephone" and that "[d]efense counsel is not aware of any alternative address for plaintiff or current contact information other than what was provided by plaintiff to the Court."  Dkt. 60.

A district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge" in a Report and Recommendation.  28 U.S.C. § 636(b)(1)(C).  If a party submits a timely objection to any part of the magistrate judge's

disposition, the district court will conduct a *de novo* review of the contested section.  Fed. R. Civ.

P. 72(b)(3); *see also United States v. Male Juvenile*, 121 F.3d 34, 38 (2d Cir. 1997).  If no

objections are made, the Court reviews the Report and Recommendation for clear error.  *See, e.g.*,

*Wilds v. United Parcel Serv., Inc.*, 262 F. Supp. 2d 163, 169 (S.D.N.Y. 2003).

The Report and Recommendation, citing both Rule 72 of the Federal Rules of Civil

Procedure and 28 U.S.C. § 636(b)(1), advised the parties that they had fourteen days from service

of the Report and Recommendation to file any objections, and warned that failure to timely file

such objections would result in waiver of any right to object.  R&R at 2.  No objections have been

filed and the time for making any objections has passed.  The parties have therefore waived the

right to object to the Report and Recommendation or to obtain appellate review.  *See Frank v.*

*Johnson*, 968 F.2d 298, 300 (2d. Cir. 1992); *see also Caidor v. Onondaga Cnty.*, 517 F.3d 601,

604 (2d Cir. 2008).

Notwithstanding this waiver, the Court has conducted a *de novo* review of the Report and

Recommendation and finds it to be well reasoned and its conclusions well founded.  Accordingly,

the Court adopts the Report and Recommendation in its entirety.  The Court therefore grants

Defendants' motion to dismiss and dismisses this action in its entirety for failure to prosecute.  *See*

Fed. R. Civ. P. 41(b) (authorizing a court to dismiss an action for failure to prosecute or comply

with an order of the court); *see also LeSane v. Hall's Sec. Analyst, Inc.*, 239 F.3d 206, 209 (2d Cir.

2001) ("[I]t is unquestioned that Rule 41(b) also gives the district court authority to dismiss a

plaintiff's case *sua sponte* for failure to prosecute . . . .").[2]

---

[2] The Court notes that dismissal is additionally appropriate under Rule 41(b) for Plaintiff's failure to comply with Judge Wang's order that he respond to Defendants' interrogatories by June 30, 2021.

The Clerk of Court is respectfully directed to terminate all pending motions, close this case, and mail a copy of this Order to Plaintiff at the address on the docket and to Plaintiff at 712 Crown Street, Apt. F19, Brooklyn, NY 11213.

SO ORDERED.

Dated: February 18, 2022
New York, New York

_____
JOHN P. CRONAN
United States District Judge

4